UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LELAND FOSTER, Individually,

    Plaintiff,

v.

SHAZZY, INC., a Wisconsin Corporation,

    Defendant.

_____

Case No. 2:15-cv-1075

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, Individually, (sometimes referred to as "Plaintiff"), hereby sue the Defendant SHAZZY, INC., a Wisconsin Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, LELAND FOSTER, is an individual residing in Swanton, OH, in the County of Fulton.

2. Defendant's property, SUPER 8 PLEASANT PRAIRIE KENOSHA is located at 7601 118th Avenue, Pleasant Prairie, WI in County of Kenosha.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Wisconsin because venue lies in the judicial district of the property situs. The Defendant's properties are located in and do business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, LELAND FOSTER is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Additionally Leland Foster has difficulty grasping with his hands also as a result of his disability. LELAND FOSTER has visited and stayed as a hotel guest at the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public. The Plaintiff has encountered architectural barriers at the Super 8. The barriers to access at Super 8 Pleasant Prairie have endangered his safety.

7. Leland Foster was a hotel guest at the Super 8 Pleasant Prairie Kenosha property on June 6-9, 2013 and on the occasion of his departure noted his concerns to management. Leland Foster also returned to the Super 8 Pleasant Prairie Kenosha property on June 2, 2014 and noted some renovation to the front lobby but no material improvement to handicap access at the property from his prior three night stay, declined to stay as a hotel guest and canceled his reservation. Leland Foster also returned to the Super 8 Pleasant Prairie on June 20, 2015 while visiting to participate in the Pleasant Prairie Triathlon but there was

no occupancy. He noted the continued existence of barriers to handicap access.

8. LELAND FOSTER is an avid adaptive sports enthusiast and participates regularly in cycle, triathlon and 5k events, as well as adaptive skiing, kayaking and hockey. Wisconsin arguably now has the most active adaptive sports community in the United States, hosting many events, and Mr. Foster is a frequent participant in these Wisconsin based events. He has been to SE Wisconsin no fewer than thirty times in the past three years, most recently as a participant in the July 2015 Pleasant Prairie Triathlon. Before that he attended a hand-cycle clinic in Milwaukee on July 1, 2014 and as a spectator at the USA Cycling Para-cycling Road National Championships hosted July 4-6, 2014 in Madison, WI.  As well as for an adaptive winter sports clinic on November 24, 2014. Leland Foster has definite plans to return to Pleasant Prairie, WI for a Paratriathlon Training Camp being held there in the city.

9. Completely independent of the personal desire to have access to these two individual places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to

visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facilities, encountered barriers to access at each Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodations that the Defendant owns, operates, leases or leases to is known as SUPER 8 PLEASANT PRAIRIE KENOSHA is located at 7601 118th Ave, Pleasant Prairie, WI in the County of Kenosha.

11. LELAND FOSTER has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the two properties as described but not necessarily limited to the allegations in paragraph 13 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. LELAND FOSTER desires to visit SUPER 8 PLEASANT PRAIRIE KENOSHA not only to avail himself of the goods and services available at the property but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages

and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of SUPER 8 PLEASANT PRAIRIE KENOSHA has shown that violations exist. These violations include, but are not limited to:

Parking and Accessible Routes

   A. Insufficient number of designated accessible parking spaces in violation of the ADA whose remedy is readily achievable.

   B. No signage marking designated access parking spaces in violation of the ADA whose remedy is readily achievable.

   C. Thresholds, cracks and changes in level on the accessible route to the lobby in excess of ½ inch in violation of the ADA whose remedy is readily achievable.

   D. Ramps on the accessible route do not have handrails on both sides in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

   E. Lobby Front desk registration service counter in excess of 36 inches in violation of the ADA whose remedy is readily achievable.

Designated Mobility Accessible Guestroom

   F. Bathtub faucet controls are not located closest to the tub opening in violation of the ADA whose remedy is readily achievable.

   G. Shower unit does not have corded detachable shower head or operable on/off controls in violation of the ADA whose remedy is readily achievable.

   H. Hot water and drain pipes under lavatory is not insulated or otherwise configured to protect against contact or scalding in violation of the ADA whose remedy is readily achievable.

   I. There are no designated accessible guestrooms fitted with a roll-in shower

whereas at least one is required in violation of the ADA whose remedy is readily achievable.

J. Insufficient number of designated accessible guestrooms in violation of the ADA whose remedy is readily achievable.

K. No or insufficient number of hearing impaired accessible guestrooms in violation of the ADA whose remedy is readily achievable.

L. Guestroom bathroom not fitted with audible and visual smoke alarms in violation of the ADA whose remedy is readily achievable.

M. Some guestroom amenities such as hair dryers are mounted in excess of designated range in violation of the ADA whose remedy is readily achievable.

N. Lavatory does not have sufficient knee clearance in violation of the ADA whose remedy is readily achievable.

O. Closet rack is mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

P. Door lock latch is mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

Q. Door peep hole is mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

<u>Policies and Procedures:</u>

R. The operator has inadequate or completely lacks defined policies and procedures for the assistance of disabled patrons.

14. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all

others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. Super 8 Pleasant Prairie Kenosha, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the properties and the businesses therein on the basis of his disability, due to Defendant's properties failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the facilities accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF 106.52 OF WISCONSIN STATUTES

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. Super 8 Pleasant Prairie Kenosha, and the businesses therein, are "public place[s] of accommodation or amusement " pursuant to WI. Code §106.52.

22. Defendant committed an unlawful act pursuant to WI. Code §106.52 by denying Plaintiff equal access to and use of public accommodations, thereby giving preferential treatment to some classes of persons in providing services or facilities over others because of Plaintiff's disability.

23. Pursuant to WI. Code §106.52(4)(e)(1), Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal access to and use of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as

issuance of an injunction requiring Defendant to allow full and equal access to and use of the goods, services, facilities, privileges, and advantages to disabled persons.

>Respectfully Submitted,
>
>*Counsel for Plaintiff:*
>
>\s\ Owen B Dunn Jr --   dated: September 3, 2015
>Owen B. Dunn, Jr., Esq. OH Bar Number 0074743
>Law Office of Owen B. Dunn, Jr.
>The Ottawa Hills Shopping Center
>4334 W. Central Ave., Suite 222
>Toledo, OH 43615
>(419) 241-9661 – Phone
>(419) 241-9737 - Facsimile
>dunnlawoffice@sbcglobal.net